## FRIEDLANDER et al. v. CITRON et al.

(Supreme Court, Appellate Term. April 8, 1910.)

TRIAL (§ 170*)—QUESTION FOR JURY.

    In an action for rent, the answer admitted the allegations of the complaint by failure to deny, and set up as defenses that the lease was terminated by the destruction of the building and that there was a surrender and acceptance. Plaintiffs put in evidence the lease, and it was con-

---

ceded that the rent for one month had not been paid. Defendants failed to prove their defenses, and a verdict was directed in plaintiffs' favor. *Held* that, the only issues of fact or law in the case being those raised by the separate defenses, the trial justice erred in setting aside his direction of the verdict.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 170.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Marie Friedlander and another against Nathan Citron and another. From an order setting aside a judgment entered upon a verdict rendered for plaintiffs by direction of the court, plaintiffs appeal. Order reversed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Edmond E. Wise (Isaac H. Levy, of counsel), for appellants.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for respondents.

LEHMAN, J. The complaint sets forth a cause of action for rent. The answer admits the allegations of the complaint by failure to deny, but sets up two separate defenses: (a) That the lease under its terms was terminated by the total destruction of the building; (b) that there was a surrender and acceptance. The plaintiffs put in evidence the lease, and it was conceded on the record that the October rent was not paid by defendants. Plaintiffs rested, and defendants produced evidence to prove their defenses. In this they failed, and the trial justice directed a verdict in plaintiffs' favor, but thereafter set aside the verdict, apparently because he believed that plaintiffs' proof was not complete.

Inasmuch as the allegations of the complaint were admitted, and the defendants at no time moved to dismiss the complaint, either for failure to set forth a cause of action or for failure of proof, the only issues of fact or of law in the case were those raised by the separate defenses, and the trial justice erred in setting aside his direction of a verdict.

Order reversed, with costs, and verdict reinstated. All concur.